**Matthew S. Parmet** (CSB # 296742)
matt@parmet.law
**PARMET LAW PC**
440 N. Barranca Ave., #1228
Covina, CA 91723
phone 310 919 3310

**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| **ANNETTE McCLAIN, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**CVS HEALTH CORPORATION; CVS PHARMACY, INC.; and OMNICARE OF SOUTHERN CALIFORNIA,**<br><br>**Defendants.** | **Case No. 2:26-cv-13696**<br><br>**Plaintiff's Original Collective and Class Action Complaint for Damages, with Jury Demand**<br><br>1. Failure to pay overtime wages (Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)<br>2. Failure to pay for all hours worked (CAL. LAB. CODE §§ 204, 1194, 1194.2, 1198, 1197.1, 1198; IWC Wage Orders)<br>3. Failure to pay overtime wages (CAL. LAB. CODE §§ 510, 558, 1194; IWC Wage Orders)<br>4. Failure to provide meal and rest periods (CAL. LAB. CODE §§ 226.7, 512; IWC Wage Orders)<br>5. Failure to provide itemized wage statements (CAL. LAB. CODE § 226)<br>6. Violation of Unfair Competition Law (CAL. BUS. & PROF. CODE §§ 17200, *et seq.*) |

## INTRODUCTION

1. Plaintiff Annette McClain was a pharmacy technician employed by Defendants CVS Health Corporation, CVS Pharmacy, Inc., and Omnicare of Southern California.

2. Defendants failed to pay McClain and their other non-exempt, hourly-paid pharmacy technicians for all hours worked. Specifically, Defendants required McClain to perform work prior to the start of her scheduled shift and after the end of her scheduled shift without pay. Additionally, Defendants failed to provide McClain with a 10-minute rest period for each four hours that she worked and failed to provide her an uninterrupted 30-minute meal period. As a result, Defendants did not compensate McClain for all hours worked, including minimum wage and overtime compensation.

3. Defendants' conduct violates the laws of California. Defendants failed to pay for all hours worked by their employees, failed to pay overtime wages, failed to provide 10-minute rest periods for each four hours of work, failed to provide a 30-minute uninterrupted meal period, and failed to provide itemized wage statements as required by the California Labor Code and California Industrial Wage Commission Wage Orders. McClain brings this lawsuit as a class action under Rule 23 of the Federal Rules of Civil Procedure. Members of the class action are referred to as the "Rule 23 Class Members."

4. Additionally, Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated at the rate of time and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. *See* 29 U.S.C. § 207(a). On behalf of herself and all other similarly situated employees, McClain brings this lawsuit as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Collective Members."

## JURISDICTION & VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because this action involves a federal statute, the FLSA, 29 U.S.C. § 201, *et seq.* The Court has supplemental jurisdiction over the state law wage and hour claims under 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

6. Additionally, this Court has original jurisdiction over McClain's state law claims pursuant to the Class Action Fairness Act found in 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is

a class action in which there are in excess of 100 class members and some of the class members are citizens of a state different from that of Defendants.

7. Venue is proper in this District because a substantial portion of the events forming the basis of this suit occurred in this District. In particular, McClain and the Class Members worked in this District, and the violations of the law at issue in this action occurred in this District.

8. This Court is empowered to issue a declaratory judgment and further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9. Plaintiff Annette McClain is a natural person residing in Canoga Park, California.

10. The FLSA Collective Members are all current and former pharmacy technicians who worked for Defendants in California for at least one week during the three-year period prior to the filing of this action to the entry of judgment.

11. The Similarly Situated Workers are all current and former Pharmacy Technicians who worked for Defendants for at least one week in California during the four-year period prior to the filing of this action to the entry of judgment.

12. The FLSA Collective Members and the Rule 23 Class Members are referred jointly to as the "Similarly Situated Workers."

13. Defendant CVS Health Corporation is a foreign corporation.

14. CVS Health Corporation may be served with process through its registered agent, CT Corporation System, 330 N. Brand Blvd., Suite 700, Glendale, CA 91203, or anywhere it may be found.

15. Defendant CVS Pharmacy, Inc. is a foreign corporation.

16. CVS Pharmacy, Inc. may be served with process through its registered agent, CT Corporation System, 330 N. Brand Blvd., Suite 700, Glendale, CA 91203, or anywhere it may be found.

17. Defendant Omnicare of Southern California is a foreign company.

18. Omnicare of Southern California may be served with process through its registered agent, CT Corporation System, 330 N. Brand Blvd., Suite 700, Glendale, CA 91203, or anywhere it may be found.

19. For all intents and purposes, Defendants are effectively the same company and operate a single enterprise, despite their corporate fragmentation. Upon information and belief, Defendants share common management, ownership, and financial control, and their labor relations are under centralized control.

20. In particular, Defendants provide health solutions under the control of the same senior-level management. Indeed, Defendants advertise themselves as a unified entity through the same website.

21. Omnicare's website states that it is a "CVSHealth company." Omnicare, Main Page, www.omnicare.com (last visited Nov. 24, 2026).

22. Therefore, Defendants represent themselves to the public as one company operating under multiple brands. Upon information and belief, they share employees, have common management, pool their resources, operate from the same headquarters, have common ownership, and have the same operating name.

23. Defendants operate under a unified business model to provide pharmacy services to customers in California. McClain worked for Defendants to provide the very service that Defendants offer to the public.

24. Personal jurisdiction exists over Defendants because Defendants have had sufficient minimum contacts with California to confer personal jurisdiction over Defendants. Defendants conduct business in California, contract with and employ California residents, have California customers, market to residents of California, and own property in California. Further, the wrongs complained of in this Complaint occurred in California.

## Coverage

25. At all material times, Defendants have been employers within the meaning of the FLSA. 29 U.S.C. § 203(d).

26. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

27. At all material times, Defendants have enjoyed yearly gross revenues in excess of $500,000.

28. At all material times, McClain and the FLSA Collective Members were employees who engaged in commerce or in the production of goods for commerce. 29 U.S.C. §§ 206-207.

29. At all material times, Defendants have been employers within the meaning of the California Labor Code.

30. At all material times, McClain and the Rule 23 Class Members were employees within the meaning of the California Labor Code.

## FACTS

31. Defendants are a leading health solutions company that operates throughout the United States, including California. As part of their long-term-care pharmacy business, Defendants provide specialized pharmacy and clinical services to skilled nursing and assisted living facilities.

32. To provide these services, Defendants employ pharmacy technicians. These workers gather prescriptions, review prescriptions, enter prescription orders, assist with order fulfillment, prepare medications for delivery, and perform other similar tasks.

### A. McClain's employment with Defendants.

33. McClain worked for Defendants as a pharmacy technician. She was paid an hourly rate of $23.91 for her work with Defendants. Her normal schedule was 8:00 a.m. to 4:30 p.m., Monday through Friday.

34. Yet Defendants failed to pay McClain and the Similarly Situated Workers for all hours that they worked.

**B. Defendants failed to pay for all compensable pre-shift work as required under California law and the FLSA.**

35. McClain and the Similarly Situated Workers were required to arrive at Defendants' worksite prior to their scheduled start times. When they arrived at Defendants' worksite, McClain and the Similarly Situated Workers were required to log into their computers and open a series of programs that were necessary for them to perform their job duties. McClain and the Similarly Situated Workers were required to have each of the computer programs open and running by the time their scheduled shift began.

36. These programs included the SDEDX program for faxes and orders, Outlook, Teams, a program that relates to prescriptions, and a program for facility schedules.

37. Indeed, Defendants required McClain and the Similarly Situated Workers to be logged into their computers with all the programs ready at the time their scheduled shift began. Thus, McClain and the Similarly Situated Workers had to do the necessary preliminary work prior to the start of their shift. However, they were not paid for this compensable pre-shift work. The time it took to log into the work computer and open the computer programs prior to clocking in was approximately 5 to 15 minutes.

38. The time spent to log into their work computers and open the required computer programs was necessary to ensure that McClain and the Similarly Situated Workers could perform their job duties for Defendants in performing their prescription gathering and packing tasks.

39. The work computer and the required computer programs were essential tools that enabled McClain and the Similarly Situated Workers to do their work for Defendants.

40. Therefore, the time spent logging into the work computer and opening each of the required computer programs was integral and indispensable to the principal activity and primary job duty performed by McClain and the Similarly Situated Workers, which was to perform customer service and order-entry tasks. *See Cadena v. Customer Connexx LLC*, 51 F.4th 831, 840 (9th Cir. 2022) ("Because Appellants cannot perform their principal duties – receiving customer calls and scheduling – without a functioning computer, booting up their

computers at the beginning of their shifts is integral and indispensable and therefore compensable under the FLSA.”).

**C. Defendants failed to pay for all compensable time worked by McClain and the Similarly Situated Workers.**

41. Moreover, Defendants set strict productivity metrics that their pharmacy technicians were required to meet. Defendants ran productivity reports on McClain and the Similarly Situated Workers to identify those employees who were behind on order fulfillment. And McClain and the Similarly Situated Workers were subject to discipline if they were behind on order fulfillment and failed to meet their quota. Indeed, Defendants provided each pharmacy technician with a queue of orders to be filled. And there was a deadline to fill those orders. If they failed to fulfill the orders by the deadline, they would be disciplined.

42. Consequently, McClain and the Similarly Situated Workers would regularly arrive at work 30-minutes to 1 hour before the start of their shifts to begin their work to meet their quota by the deadline. The managers of Defendants knew that McClain and the Similarly Situated Workers were arriving to work early because the managers worked near McClain and the Similarly Situated Workers and observed their work and the time that they arrived.

43. Despite arriving at work 30-minutes to 1 hour before the start of their shifts, McClain and the Similarly Situated Workers were not allowed to clock in until their scheduled shift start time. Thus, the time spent working by McClain and the Similarly Situated Workers went unpaid. Likewise, after being clocked out, McClain and the Similarly Situated Workers would continue to complete their job duties. This time was also without pay.

**D. Defendants failed to provide meal and rest breaks to McClain and the Similarly Situated Workers.**

44. Additionally, given the strict productivity metrics and quota set by Defendants, McClain and the Similarly Situated Workers were not provided a 10-minute rest break for each four hours that they worked. Given the strict requirement to fill all orders, there was not enough time for McClain and the Similarly Situated Workers to take a 10-minute rest break for each four hours that they worked.

45. Moreover, McClain and the Similarly Situated Workers regularly worked through their meal periods to complete their job assignments. They rarely had a 30-minute uninterrupted meal period given the productivity requirements.

46. Despite working more than 8 hours per day and more than 40 hours per week, McClain was not paid for all hours that she worked, including overtime wages.

47. Further, McClain was not provided a 10-minute rest period for each four hours she worked.

48. Moreover, McClain was not provided a 30-minute uninterrupted meal period each day she worked.

49. Like McClain, the Similarly Situated Workers worked as Pharmacy Technicians.

50. Like McClain, the Similarly Situated Workers were not paid for all hours worked.

51. Like McClain, the Similarly Situated Workers worked more than 8 hours per day and more than 40 hours a week without overtime pay.

52. Like McClain, the California Similarly Situated Workers were not provided a 10-minute rest period for each four hours they worked.

53. Like McClain, the California Similarly Situated Workers were not provided a 30-minute uninterrupted meal period for each day that they worked.

54. Defendants knew or showed reckless disregard for whether McClain and the Similarly Situated Workers were entitled to pay for all hours worked, including overtime wages. Similarly, Defendants' managers were aware that 10-minute rest breaks and 30-minute meal periods were not being provided and yet did nothing to correct this behavior. Defendants operate a large, sophisticated company that knew the law but failed to comply with it. Consequently, Defendants' conduct is willful.

**E. Defendants failed to provide accurate wage statements.**

55. Defendants also knowingly and intentionally failed to furnish and continue to fail to furnish McClain and each Similarly Situated Worker with timely, itemized wage

statements that accurately reflect – among other things – the total number of hours worked, hourly rates, and wages earned, as mandated by California Labor Code § 226(a). Indeed, Defendants were required to furnish to McClain and the Similarly Situated Workers wage statements that accurately reflect: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of their social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

56. Defendants failed to do so. Defendants failed to list the correct legal entity as the employer on the wage statements. Defendants also failed to state the correct number of hours worked on the wage statements and the correct gross wages earned.

## Collective Action Allegations

57. McClain brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all current and former Pharmacy Technicians who worked for Defendants for at least one week in California during the three-year period prior to the filing of this action to the entry of judgment.

58. McClain has actual knowledge that the FLSA Collective Members have also been denied overtime pay for hours worked over 40 hours in a workweek as a result of Defendants' illegal conduct.

59. McClain's knowledge is based on her personal work experience and through communications with other workers of Defendants. McClain personally worked with other employees who were also denied overtime compensation.

60. Other workers similarly situated to McClain worked for Defendants throughout California but were not paid for all hours worked over 40 in a workweek at the rate of one and one-half times their regular rates of pay when those hours exceeded 40 hours in a workweek.

61. Although Defendants permitted and/or required the FLSA Collective Members to work in excess of 40 hours in a workweek, Defendants denied them full compensation for their hours worked over 40.

62. The FLSA Collective Members perform or have performed the same or similar work as McClain and were not paid overtime compensation by Defendants.

63. The FLSA Collective Members are not exempt from receiving overtime pay under the FLSA.

64. As such, the FLSA Collective Members are similarly situated to McClain in that they share the same or similar job duties, pay structure, and were subject to the same violations of the FLSA.

65. Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of any FLSA Collective Member.

66. The experiences of McClain, with respect to her pay, hours, and duties, are typical of the experiences of the FLSA Collective Members.

67. The specific job titles or precise job responsibilities of each FLSA Collective Action Member do not prevent collective treatment.

68. All FLSA Collective Members, irrespective of their particular job requirements or job title, are entitled to pay for all hours worked, including overtime compensation for hours worked in excess of 40 hours in a workweek.

69. McClain and the FLSA Collective Members all labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the rules in the same company handbook.

70. The names and addresses of the FLSA Collective Members are available from Defendants' records. To the extent required by law, notice will be provided to these individuals by first-class mail, email, text message, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

71. Although the exact amount of damages may vary among the FLSA Collective Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula. The claims of all FLSA Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to the FLSA Collective Members.

72. As such, the similarly situated FLSA Collective Members is properly defined as follows:

> **All current and former Pharmacy Technicians who worked for Defendants in California for at least one week during the three-year period prior to the filing of this action to the entry of judgment.**

## Rule 23 Class Allegations

73. McClain brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class members:

> **All current and former Pharmacy Technicians who worked for Defendants in California for at least one week during the four-year period prior to the filing of this action to the entry of judgment.**

74. Numerosity. The number of members in the Rule 23 Class is believed to exceed 100. This volume makes bringing the claims of each individual member of the Rule 23 Class before this Court impracticable. Likewise, joining each individual member of the Rule 23 Class as a plaintiff in this action is impracticable. Furthermore, the identity of the members of the Rule 23 Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving

these claims. To require individual actions would prejudice the Rule 23 Class Members, Defendants, and the Court.

75. Typicality. McClain's claims are typical of the claims of the Rule 23 Class Members because, like the members of the Rule 23 Class, she was subject to Defendants' uniform policies and practices and was compensated in the same manner as the Rule 23 Class Members. Defendants failed to pay the Rule 23 Class Members for all hours they worked. Additionally, members of the Rule 23 Class worked substantially more than 8 hours in a day and 40 hours in a week as non-exempt employees. McClain and the Rule 23 Class Members have been uncompensated and/or under-compensated as a result of Defendants' common policies and practices that failed to comply with California law. As such, McClain's claims are typical of the claims of the Rule 23 Class Members. McClain and the Rule 23 Class Members sustained damages that arose out of and were directly caused by Defendants' common course of conduct in violation of California law as alleged herein.

76. Adequacy. McClain is a representative party who will fairly and adequately protect the interests of the Rule 23 Class Members because it is in her interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under California law. McClain has also retained attorneys who are competent in both class actions and wage and hour litigation. McClain does not have any interest that may be contrary to or in conflict with the claims of the Rule 23 Class Members she seeks to represent.

77. Commonality. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

a. Whether McClain and the Rule 23 Class Members performed compensable work without pay;

b. Whether McClain and the Rule 23 Class Members were denied rest breaks for each 4 hours of work;

c. Whether McClain and the Rule 23 Class Members were provided a 30 minute duty-free lunch period;

d. Whether McClain and the Rule 23 Class Members worked hours in excess of 8 hours per day;

e. Whether McClain and the Rule 23 Class Members were provided accurate wage statements;

f. Whether McClain and the Rule 23 Class Members worked hours in excess of 40 hours per workweek; and

g. Whether McClain and the Rule 23 Class Members were denied overtime pay at a rate of not less than one and one-half times their regular rate under California law.

1. The common issues of law include, but are not limited to:

a. Whether Defendants violated California law;

b. Whether McClain and the Rule 23 Class Members are entitled to compensatory damages; and

c. The proper measure of damages sustained by McClain and the Rule 23 Class Members.

78. Superiority. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the Rule 23 Class could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Rule 23 Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

79. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Rule 23 Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency.

Notice of the pendency and any resolution of this action can be provided to the Rule 23 Class Members by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication. The identity of members of the Rule 23 Class is readily identifiable from Defendants' records.

80. This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; and (2) the burden is on Defendants to prove they properly compensated their employees, including any potential exemptions that might apply. Ultimately, a class action is a superior form to resolve the California claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendants to pay McClain and the Rule 23 Class Members per applicable California laws.

**FIRST CAUSE OF ACTION—FAILURE TO PAY OVERTIME WAGES (FLSA, 29 U.S.C. § 201 ET SEQ.) AS TO MCCLAIN AND THE FLSA COLLECTIVE MEMBERS**

81. McClain incorporates each allegation in paragraphs 1 through 80.

82. The FLSA provides that McClain and the FLSA Collective Members are to be paid at an hourly rate of 1.5 times McClain's regular rate of pay for all hours worked over 40 in a workweek.

83. McClain and the FLSA Collective Members were not paid at 1.5 times the regular rate of pay for all hours worked over 40 in a workweek.

84. Defendants' practices and policies of not paying McClain and the FLSA Collective Members for all overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked over 40 each workweek violate the FLSA. *See* 29 U.S.C. § 207.

85. Defendants' actions and/or omissions were not in good faith.

86. By engaging in the above-described practices and policies, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

**SECOND CAUSE OF ACTION—FAILURE TO PAY FOR ALL HOURS WORKED**
**(CAL. LAB. CODE §§ 204, 1194, 1194.2, 1198, 1197.1, 1198; IWC WAGE ORDERS)**
**AS TO MCCLAIN AND THE RULE 23 CLASS MEMBERS**

87. McClain incorporates each allegation in paragraphs 1 through 80.

88. At all relevant times, Defendants were required to compensate their hourly, non-exempt employees for all hours worked pursuant to the Industrial Welfare Commission Orders and California Labor Code §§ 204, 1194, 1194.2, 1197, 1197.1, and 1198.

89. Specifically, California law requires employers to pay their employees a minimum wage for all hours worked, which is defined as the "time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." *See Frlekin v. Apple, Inc.*, 8 Cal. 5th 1038, 457 P.3d 526 (Cal. 2020). Section 4 of the applicable Industrial Welfare Commission Order requires Defendants to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours during which an employer has actual or constructive knowledge that employees are working.

90. Defendants failed to compensate McClain and the Rule 23 Class Members for all hours that they worked. As noted above, McClain and the Rule 23 Class Members were not paid for all hours worked in excess of 8 hours per day and in excess of 40 hours per workweek. Additionally, McClain and the Rule 23 Class Members were not paid for interrupted meal and rest periods. As a result, McClain and the Rule 23 Class Members are entitled to compensation for all hours worked, but not paid, during the statutory period covered by this lawsuit. McClain and the Rule 23 Class Members are also entitled to reasonable attorneys' fees, interest, and costs of suit.

91. The Rule 23 Class Members, including McClain, have been deprived of their rightfully earned wages as a direct and proximate result of Defendants' company-wide policies and practices.

92. Defendants have knowingly and willfully refused to perform their obligations to compensate McClain and the Rule 23 Class Members for all wages earned and all hours worked, in violation of California law. As a direct result, McClain and the Rule 23 Class

Members have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages.

93. Defendants regularly, willfully, and repeatedly failed and continue to fail to make, keep, and preserve accurate time records required by California Labor Code §§ 226 and 1174, with respect to McClain and the Rule 23 Class Members. Through this unlawful course of conduct, Defendants have deprived and continue to deprive McClain and the Rule 23 Class Members of records necessary to calculate with precision the compensation due to them.

### THIRD CAUSE OF ACTION—FAILURE TO PAY OVERTIME WAGES (CAL. LAB. CODE §§ 510, 558, 1194; IWC WAGE ORDERS) AS TO MCCLAIN AND THE RULE 23 CLASS MEMBERS

94. McClain incorporates each allegation in paragraphs 1 through 80.

95. At all relevant times, Defendants were required to compensate their non-exempt employees for all hours worked. Defendants were also required to compensate their employees for all overtime worked, at one-and-a-half times their regular rates of pay for hours worked more than 8 hours per day and 40 hours per workweek and double-time for hours worked more than 12 hours per day. Defendants were also required to pay one-and-a-half times the regular rate for the first 8 hours worked on the seventh day of a workweek.

96. At all relevant times, Defendants operated under and continue to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay McClain and the Rule 23 Class Members for overtime at the rates required by California Labor Code § 510 and Wage Order No. 4-2001.

97. Defendants knew or clearly should have known that McClain and the Rule 23 Class Members were entitled to compensation for all hours worked in excess of 8 hours per day and in excess of 40 hours per workweek.

98. Defendants routinely required McClain and the Rule 23 Class Members to work more than 8 hours per day and 40 hours per workweek. Despite the provisions of California's overtime law, Defendants have willfully failed and refused to pay the Rule 23 Class Members, including McClain, overtime wages during the statutory period covered by this lawsuit.

99. The Rule 23 Class Members, including McClain, have been deprived of their rightfully earned overtime wages as a direct and proximate result of Defendants' company-wide policies and procedures.

100. Defendants regularly, willfully, and repeatedly failed and continue to fail to make, keep, and preserve accurate time records required by California Labor Code §§ 226 and 1174, with respect to McClain and the Rule 23 Class Members. Through this unlawful course of conduct, Defendants have deprived and continue to deprive McClain and the Rule 23 Class Members of records necessary to calculate with precision the overtime compensation due to them.

101. Defendants' conduct violates California Labor Code §§ 510 and 1194. Therefore, pursuant to California Labor Code § 1194, the Rule 23 Class Members, including McClain, are entitled to recover, and seek to recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess of 8 hours per day, in excess of 40 hours per workweek, for the first 8 hours worked on the seventh day of a workweek, and double-time pay for the hours worked in excess of 12 hours in a day in addition to interest on such amounts pursuant to California Labor Code § 1194, plus reasonable attorneys' fees, interest, and costs of suit, and the relief requested below in the Prayer for Relief.

## FOURTH CAUSE OF ACTION—FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LAB. CODE §§ 226.7, 512; IWC WAGE ORDERS) AS TO MCCLAIN AND THE RULE 23 CLASS MEMBERS

102. McClain incorporates each allegation in paragraphs 1 through 80.

103. The California Labor Code requires employers to provide a 30-minute meal period if the employee works more than 5 hours per day. See Cal. Lab. Code § 512. California law also requires employers to provide a 10-minute rest period for each four-hour period worked, or major fraction thereof. See Wage Order No. 4-2001.

104. Defendants violated the meal and rest period laws by forcing McClain and the Rule 23 Class Members to work through long hours without the required meal and rest periods.

PARMET LAW PC

105. McClain and the Rule 23 Class Members sue for all damages allowed under the law, including payment of one additional hour of pay at the employees' regular rate of pay for each such violation. *See* CAL. LAB. CODE § 226.7.

**FOURTH CAUSE OF ACTION—FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS (CAL. LAB. CODE §§ 226.7) AS TO MCCLAIN AND THE RULE 23 CLASS MEMBERS**

106. McClain incorporates each allegation in paragraphs 1through 80.

107. Defendants knowingly and intentionally failed to furnish and continue to fail to furnish McClain and each Rule 23 Class Member with timely, itemized wage statements that accurately reflect – among other things – the total number of hours worked, correct name of the employer, hourly rates, and wages earned, as mandated by California Labor Code § 226(a), which requires employers, semi-monthly or at the time of each payment of wages, to furnish each employee with a statement that accurately reflects the total number of hours worked, correct hourly rates, name of the employer, and wages due.

108. As a result, Defendants are liable to McClain and each of the Rule 23 Class Members for the amounts provided by California Labor Code § 226(e): the greater of actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

109. McClain and the Rule 23 Class Members are also entitled to reasonable attorneys' fees, interest, and costs pursuant to California Labor Code § 226(e).

**SIXTH CAUSE OF ACTION—VIOLATION OF UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE §§ 17200, *et seq.*) AS TO MCCLAIN AND THE RULE 23 CLASS MEMBERS**

110. McClain incorporates each allegation in paragraphs 31 through 80.

111. California Business & Professions Code § 17200, *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

112. McClain brings this cause of action on behalf of herself and as a representative of all others subject to Defendants' unlawful acts and practices.

113. During all relevant times, Defendants committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200, *et seq.*



PARMET LAW PC

Defendants' unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, failing to pay for all hours worked, failing to pay overtime wages, failing to provide meal and rest periods, and failing to provide itemized wage statements in violation of California law, as described throughout this Complaint.

114. As a result of these unlawful and/or unfair and/or fraudulent business practices, Defendants reaped unfair benefits and illegal profits at the expense of McClain and the Rule 23 Class Members. Defendants must disgorge these ill-gotten gains and restore to McClain and the Rule 23 Class Members all wrongfully withheld wages, including, but not limited to, overtime compensation, interest on these wages, and all other injunctive and preventive relief authorized by Business and Professions Code §§ 17202 and 17203.

115. McClain, on behalf of herself and the Rule 23 Class Members, respectfully requests that judgment be awarded in her favor to provide restitution and interest, and the relief requested below in the Prayer for Relief.

## Prayer for Relief

116. For these reasons, McClain respectfully requests judgment be entered in favor of her and the Similarly Situated Workers and that the Court:

a. Issue notice to the FLSA Collective Members;

b. Certify a collective action under 29 U.S.C. § 216(b) and a class action under Fed. R. Civ. P. 23;

c. Order preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with them, from committing the alleged legal violations;

d. Find that Defendants' policies and/or practices violate the FLSA and California law;

e. Award all damages, overtime wages, minimum wages, straight time wages, liquidated damages, restitution, and/or statutory penalties to be paid by Defendants;

f. Award interest, costs, and expenses, including reasonable attorneys' fees and expert fees; and

g. Order such other and further legal and equitable relief the Court deems just, necessary, and proper.

Dated: November 20, 2026

Respectfully submitted,

**PARMET LAW PC**

*/s/ Matthew S. Parmet*
By: ____________________________
**Matthew S. Parmet**

**Attorneys for Plaintiff**

**JURY DEMAND**

McClain demands a trial by jury on all issues.

*/s/ Matthew S. Parmet*
____________________________
**Matthew S. Parmet**